UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AL M. KIRBY,

                Plaintiff,

     -against-

COUNTY OF SUFFOLK,  SUFFOLK COUNTY
POLICE OFFICER DONALD SANTAMARIA in
his official and individual capacities, SUFFOLK
COUNTY POLICE OFFICERS JOHN DOES 1-4
in their official and individual capacities,

                Defendants.

**DOCKET NO.: CV-16-7161**
(LDW)(SIL)

**AMENDED COMPLAINT**

*A JURY TRIAL IS HEREBY DEMANDED*

    **PLAINTIFF**, by and through his attorneys, The Law Offices of Frederick K. Brewington,

as and for his Amended Complaint as of right against the Defendants, respectfully sets forth:

## INTRODUCTION

    1.      This is an action for money damages against COUNTY OF SUFFOLK, SUFFOLK

COUNTY POLICE OFFICER DONALD SANTAMARIA, in his official and individual capacities,

SUFFOLK COUNTY POLICE OFFICERS JOHN DOES 1-4, yet unknown and unidentified

members of the Suffolk County Police Department, in their official and individual capacities,

(hereinafter referred to as "SCPD OFFICERS"), for committing acts under color of the law,

depriving Plaintiff of rights secured by the Constitution and laws of the United States and State of

New York, as well as discriminatory harassment, assault, battery, infliction of emotional distress,

unreasonable, excessive and unnecessary use of force, negligent supervision, failure to properly train,

failure to properly supervise and negligence, all in violation of 42 U.S.C. §§1983, 1981, 1985 and

related State laws as stated herein.

2.      Upon information and belief, Defendant SCPD OFFICERS discriminatorily harassed, assaulted, battered, used excessive and unnecessary force, and negligently, intentionally, and without cause discharged a firearm into the vehicle of Plaintiff and said discharge being in the direction of Plaintiff beat AL M. KIRBY, causing physical damage to the vehicle, emotional distress and fear and other harm and extreme pain and suffering, in violation of Plaintiff's Constitutional and Civil Rights.

3.      Upon information and belief, Defendant SCPD OFFICERS, including but not limited to POLICE OFFICER DONALD SANTAMARIA, without lawful authority, probable cause, justification or any lawful reason, except an intent to treat Plaintiff differently based on his race and color and to deprive Plaintiff of his rights, and the SCPD OFFICERS' knowledge that their wrongful conduct had the tacit authorization of the COUNTY OF SUFFOLK, and other SCPD OFFICERS, upon accosting AL M. KIRBY, who was without provocation, reason, probable cause or threat to his own safety or the safety of others, proceeded to use potentially deadly and unnecessary force, and negligently, purposefully, intentionally, and maliciously discharged a firearm into the car and in the direction of AL M. KIRBY's body, causing great fear, emotional upset, property damage, exacerbation of conditions and other harm without care or consideration to the acts leading to serious injuries, damage, stress and extreme pain and suffering.

4.      Upon information and belief, Defendants COUNTY OF SUFFOLK, and SCPD OFFICERS, failed to properly administrate, investigate, supervise and discipline the actions of Defendant SCPD OFFICERS, including but not limited to POLICE OFFICER DONALD SANTAMARIA before, during, and after the use of potentially deadly and excessive force, abuse of process, assault and battery and other wrongful acts against Plaintiff AL M. KIRBY.

-2-

5.      Upon information and belief, COUNTY OF SUFFOLK was negligent in training, hiring, and supervising Defendant SCPD OFFICERS, thus leading to the unjustified excessive force, battery, assault, and abuse of process.

6.      Upon information and belief, COUNTY OF SUFFOLK and SCPD OFFICERS are liable for the violation of rights, discriminatory harassment, assault, battery, excessive force,  and improper restraint because the COUNTY OF SUFFOLK, SCPD OFFICERS, and have ignored, condoned, and permitted a pattern of excessive force and abuse of process, and have  failed to discipline the SCPD OFFICERS, including but not limited to POLICE OFFICER DONALD SANTAMARIA  involved in such incidents, and failed to investigate, with the result that officers of COUNTY OF SUFFOLK and SCPD OFFICERS, including but not limited to POLICE OFFICER DONALD SANTAMARIA, are encouraged to believe that they can violate the rights of persons based on race or generally such as the Plaintiff AL M. KIRBY with impunity, and that the COUNTY OF SUFFOLK and  SCPD OFFICERS have acted and continue to act in violation of individual rights constituting, their policy.

## JURISDICTION AND VENUE

7.      This action is brought pursuant to 42 U.S.C. §§1983, 1985,  and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions. Plaintiff further invokes pendent jurisdiction of this  Court pursuant to 28 U.S.C. §1367 to hear and decide any and all claims arising under State law.

8.      Prior hereto and within the proper time allotted, Plaintiffs filed a Notice of Claim in compliance with General Municipal Law §50 et. seq. and CPLR §215 as against each municipal

-3-

Defendant. More than 30 days have elapsed and Defendants have failed and refused to pay or adjust same. Plaintiff has complied with his obligations under the General Municipal Law. On December 29, 2016, Plaintiff duly filed his complaint, no answer was received on that initial complaint and this is the first amended complaint, filed as of right.

9.     Venue for this action is the Eastern District of New York based on where the actions complained of herein occurred.

## PARTIES

10.    During all times mentioned in this Complaint, Plaintiff, Al M. Kirby (hereinafter "PLAINTIFF" or "MR. KIRBY"), is a 49 year old African-American, Black, Veteran of the United States Marine Corps, born on August 26, 1967, currently residing in the County of Suffolk and having resided in the County of Suffolk at the time of the incident herein.

11.    During all times mentioned in this Complaint, Defendant COUNTY OF SUFFOLK (hereinafter the "COUNTY") is a duly constituted municipal corporation of the State of New York, and is/was the employer of the Suffolk County Police Department and the Department's Police Officers and Suffolk County District Attorney's Office, and its District Attorneys.

12.    During all times mentioned in this Complaint, Defendant SCPD OFFICERS were at all times herein mentioned police officers, employed by the COUNTY under the direction of Defendants, the SCPD OFFICERS were acting in furtherance of the scope of their employment, acting under color of law, to wit under color of statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

13.    During all times stated herein, and upon information and belief, Defendant SCPD OFFICER DONALD SANTAMARIA, (hereinafter the "OFFICER" or "SANTAMARIA") is a male

-4-

White police officer and employed by the COUNTY OF SUFFOLK under the direction of the SUFFOLK COUNTY POLICE DEPARTMENT.  Defendant SANTAMARIA is being sued in his individual and official capacities.

14.     During all times mentioned in this Complaint, Defendant SCPD OFFICERS 1-4 were state actors acting in their official capacities and were employed by the COUNTY acting under the direction of the COUNTY, and Suffolk County Police Department, who, upon information and belief are White males.

15.     During all times mentioned in this Complaint, Defendants, each of them, were acting under color of law, to wit, under color of Constitution, statutes, ordinances, laws, rules, regulations, policies, customs, and usages of the State of New York and/or County of Suffolk.

16.     During all times mentioned in this Complaint, Defendants, each of them, separately and in concert, engaged in acts and omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff, and while these acts were carried out under color of law, the Defendants had no justification or excuse in law; the acts were instead gratuitous, illegal, improper and unrelated to any activity in which the officers  may appropriately and legally  engage in the course of protecting persons, property, or ensure civil order.

17.     During all times mentioned in this Complaint, Defendants had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of the Plaintiff; each of the Defendants failed and refused to perform that duty and failed and refused restrain the other Defendants, thereby becoming a party and acting in concert to harm and bring about the injuries inflicted upon  the Plaintiff.

-5-

18.     During all times mentioned in this Complaint, Defendants had the power and the duty to conduct a full and fair investigation of the SCPD OFFICERS.  The Defendants  failed to timely and  sufficiently investigate the actions of the SCPD OFFICERS as stated herein.

## STATEMENT OF FACTS

19.     At all times relevant to this Complaint Plaintiff Al M. Kirby resided in Suffolk County, New York.

20.     Plaintiff Al M. Kirby is a Veteran who served in the United States Marine Corps for twelve years from 1985.  He served in Saudi Arabia and Iraq during Desert Storm.  He was honorably discharged in 1997.

21.     Plaintiff is retired and has not worked since 2009 after being placed on complete disability.  He currently receives social security and veteran's assistance due to his injuries to his knees, neck, shoulder, back and hip.  He also suffers from varicose veins, Carpal Tunnel's Syndrome and is in need of a full hip replacement.

22.     Plaintiff has 5 biological children ranging in age from 15 months to 26 years old, who rely on him for financial support.

23.     On or about the early morning of January 30, 2016, Plaintiff,  Al M. Kirby was driving a vehicle in Yaphank, Suffolk County Long Island on Main Street.

24.     At the corner of Main Street and River Road he approached a stop sign, and Plaintiff continued around a sharp turn to the right.

25.     As he completed his turn, he noticed lights coming from a police cruiser and immediately pulled over traveling no more than 50 feet.  Plaintiff placed the vehicle in park, rolled down the window, turned off the vehicle and placed his hand on the steering wheel, waiting for the

police officer to approach.

26.     As he waited for, who he now knows was Officer SANTAMARIA to approach, Plaintiff heard pow, a loud pop which he recognized as a weapon's discharge, due to his military training and time in the Marine Corps.

27.     Plaintiff, in fear for his life, yelled three times to the officer, "you don't have to do this". While Plaintiff's view was obscured by the lights of police cruiser which was shining directly into his car, he was sure that the discharge of the firearm came from the approaching police officer.

28.     The firearm, which was in the possession of Defendant Santamaria was discharged into the side of Plaintiffs car in a direct line with Plaintiff's body.

29.     After Officer SANTAMARIA fired his weapon, he told the Plaintiff to get out of the vehicle and to walk backwards towards his voice.   He was then told to get on his knees, and to place his hands behind his head.  Plaintiff complied to the best of his physical ability with each and every instruction despite not knowing why he had been fired upon and despite the fact that he was in great fear for his safety and life.

30.     Plaintiff bent down on his knees, despite problems with his knees and hip, but could not place his hands behind his head due to a previous injury for which he had titanium screws in his neck.   The Defendant Officer used unnecessary force to handle and secure Plaintiff.

31.     Plaintiff was then handcuffed on the side of the street, while the block was fully lit up with police lights, sirens and spotlights.   Plaintiff remained in this position for an unreasonable time which caused him extreme pain and emotional distress.  There was no explanation offered by Defendants as to why or how a firearm was drawn on Plaintiff and no less discharged at him.

32.     Plaintiff was approached by a Sergeant (John Doe 1) who asked if he had been drinking that night.  He was then given various field sobriety tests to which he submitted.   He informed the Sergeant that he was a veteran, a fact that which was ignored and diminished by the officers present.  He was then taken to the 7th precinct and charged with Driving While Intoxicated.

33.     As a result of Defendants' assaultive behavior, Plaintiff suffered great pain and discomfort to his body, wrists, shoulders as well, and was treated with disrespect and abuse and now suffers from Post-Traumatic Stress Disorder (Hereinafter "PTSD").

34.     As a result of the excessive, unnecessary, deadly and unlawful force used by Defendant SCPD OFFICERS, including but not limited to Defendant SANTAMARIA, all of which constituted extreme and outrageous conduct, Plaintiff suffered and continues to suffer severe and extreme physical and emotional harm.

35.     There was no reason or basis for drawing and discharging a gun on Plaintiff as part of what was a routine traffic stop.

36.     Plaintiff made no motions, took actions, showed no aggression and demonstrated no furtive movements to raise any suspicion to cause a reasonable officer to draw his firearm, and no less to discharge the firearm into Plaintiff's car in his direction.

37.     Plaintiff continues to suffer emotionally and  physically.  He has been and continues to be in treatment for the psychological damages and injuries caused by the actions of Defendants, often coping with sleeplessness, night terrors, and other symptoms brought on by the treatment to which he was subjected all of which affects his ability to function as he did before the incident.

## AS AND FOR A FIRST COUNT
### 42 U.S.C. § 1983 - EXCESSIVE USE OF FORCE

38.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 37 of this Complaint with the same force and effect as though fully set forth herein.

39.     Plaintiff was never accused of or charged with having engaged in conduct which included any force, threat of force or attempt to resist any actions or directions of the Defendants. Defendants' wrongful conduct illustrated the Defendants' predisposition to abuse, brutally, use of unbridled deadly and unnecessary force and to assault the Plaintiff, with the intent of causing serious and permanent injury.

40.     The handling and discharge of a firearm towards Plaintiff by Defendants COUNTY, SANTAMARIA and SCPD OFFICES 1-4  constituted unreasonable and excessive use of force by a police officer, as well as, abuse of process. Such actions were negligent, reckless, careless, unreasonable and unauthorized, as Defendants had a duty not to subject Plaintiff to vicious and abusive police actions, but failed to prevent same and breached their duty. This summary punishment, threat and use of deadly force and wrongful seizure was in violation of the rights promised to Plaintiff under the  4th, 5th, and 14th Amendments to the United States Constitution. In doing so, the Defendants violated clearly established law and the rights to which Mr. Kirby was entitled and did so with recklessness, callous indifference to the outcome of their actions and with malice, all in violation of 42 U.S.C. § 1983.

41.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was made to suffer injuries, great pain and suffering, and was subjected to great fear and terror, personal

humiliation, degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

42.     As a direct result of said acts, Plaintiff has suffered and continues to suffer repeated, severe and permanent psychological, emotional and physical trauma and damage, including distress, humiliation, embarrassment, property damage, great financial expense and damage to his reputation, and the emotional and psychological trauma as alleged in the preceding paragraphs of the within complaint.

43.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A SECOND COUNT
## 42 U.S.C. § 1983 - MUNICIPAL LIABILITY

44.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 43 of this Complaint with the same force and effect as though fully set forth herein.

45.     Prior to January 30, 2016 and since, SUFFOLK COUNTY has permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal uses of force, abuse of authority, beatings, and uses of weapons  by police officers of the SUFFOLK COUNTY POLICE DEPARTMENT (SCPD) and other local police departments within the jurisdiction of the SCPD. This is especially true in certain portions of the COUNTY, especially with persons who are African-American.  Although such abuse of authority, illegal use of force, and use of weapons were improper, the officers involved were not seriously prosecuted, disciplined, or subjected to restraint, and such incidents were in fact covered up with official claims that the beatings, use of force, and

uses of weapons were justified and proper. As a result, SCPD police officers within their jurisdiction were caused and encouraged to believe that civilian persons could be beaten or abused under circumstances not requiring the use of excessive force, and that such abuse and beatings would in fact be permitted by the COUNTY .

46.   In addition to permitting a pattern and practice of improper beatings and abuses in the COUNTY, the COUNTY and SCPD have failed to maintain a proper system of investigation of all incidents of unjustified beatings, abuses of authority, false arrests, and excessive use of force by police officers.

47.   The COUNTY has failed to respond to the continuing and urgent need to prevent, restrain, and discipline police officers who wrongfully, beat, abuse authority, use excessive force, and abuse civilians, and the COUNTY has failed to find that civilian complaints made against police officers are founded or valid in anyway. Therefore the COUNTY is liable under 42 U.S.C. §1983 because the COUNTY  has had actual and/or constructive knowledge of the patterns of abuse and excessive force against citizens by its police officers, employees, and/or agents in violation of the United State Constitution. Because of the COUNTY and SCPD's un-meaningful policy and custom for reviewing complaints of misconduct, the Defendant Officers relied upon that flawed policy to continue their patterns of their abusive authority, physical abuse, excessive force, and false arrests, all in violation of the Plaintiff's rights.

48.   The COUNTY and SCPD have maintained a system of review of unjustified seizures, beatings, shootings, and excessive use of force by police officers that has failed to identify the improper abuses of authority, and brutality by police officers and failed to subject officers who abused, beat and/or brutalized citizens to discipline, to closer supervision, or restraint, to the extent

that it has become the custom of the COUNTY to tolerate the improper abuses of authority beatings, illegal arrests and other wrongful actions by police officers.

49.     Further, the COUNTY and SCPD, who maintain either supervisory and/or decision-making positions, permitted a practice of improper investigation, supervision, discipline and retention of Defendant Officers.  The COUNTY and SCPD also refused and failed to prosecute the Defendant Officers thereby improperly and in violation of the Plaintiffs' rights neglected, failed, and/or delayed in administering an investigation of the circumstances surrounding the instant matter and neglected, failed, and/or delayed in presenting the matter to the District Attorney of the County of Suffolk for presentation to the Grand Jury.

50.     Upon information and belief, specific systemic flaws in the COUNTY use of force, brutality review process include, but are not limited to, the following:

a.     Preparing reports regarding investigations of beatings and abuse incidents as routine point-by-point justifications of police officer actions, regardless of whether such actions are justified;

b.     Police officers investigating beatings systemically fail to credit testimony by non-police officer witnesses, and uncritically rely on reports by police officers involved in the incident;

c.     Police officers investigating beatings fail to include in their reports relevant factual information which would tend to contradict the statements of the police officers involved;

d.     Supervisory police officers at times issue public statements exonerating police officers for excessive use of force, improper beatings, and use of unnecessary and excessive force before the investigation of the incident by the police department has been completed;

e.     Reports in brutality cases are not reviewed for accuracy by supervisory officers.  Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

51.     The foregoing acts, omissions, systemic flaws, policies and customs of the Defendants COUNTY and SCPD caused the Defendant Officers  to believe that brutality and other improper actions would not be aggressively, honestly and properly investigated, with the foreseeable result that officers are most likely to use excessive force in situations where such force is neither necessary nor reasonable.

52.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was made to suffer physical injuries, great pain and suffering, and was subjected to great fear and terror, personal humiliation, degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

53.     As a direct result of said acts, Plaintiff has suffered and continues to suffer repeated, severe and permanent psychological, emotional and physical trauma and damage, including distress, humiliation, embarrassment, property damage, great financial expense and damage to his reputation, and the emotional and psychological trauma as alleged in the preceding paragraphs of the within complaint.

54.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A THIRD COUNT
### 42 U.S.C. § 1985 - CONSPIRACY

55.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 54 of this Complaint with the same force and effect as though fully set forth herein.

56.     Defendants COUNTY, and SCPD OFFICERS conspired to deprive Plaintiff, an African-American citizen, of his 1st, 4th, 5th, and 14th Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully strike fear and threaten to brutalize Plaintiff because of, or on account of, Plaintiff's race and color.

57.     Upon information and belief, the Defendants further deprived the Plaintiff of his due process rights; specifically, by conspiring to unlawfully use force, coverup the use of force including the discharge of a firearm and abuse of Plaintiff, a compliant African-American Veteran without reason or justification, rule of law, and by further denying the Plaintiff his 5th Amendment rights via a conspiracy to cover the misconduct of said officers and officials and to prevent Plaintiff from being compensated for their unlawful conduct and unjustified beating causing the Plaintiff to suffer and continue to suffer severe physical and emotional harm.

58.     Upon information and belief, the individual SCPD OFFICERS were acting in their personal interests, wholly and separately from the Defendant COUNTY.  The SCPD OFFICERS actions were taken separate and apart from their duties to arrest and prosecute suspected criminals.

59.     Upon information and belief, the individual SCPD OFFICERS took the alleged action against Plaintiff because he was attempting to tell police there was not need to discharge a weapon on him, or at him, and speak out against Police Officer's brutality and wrongdoing.

60.     The actions by Defendants  denied the Plaintiff his due process and equal protection under the law.  All of these rights are guaranteed to the Plaintiff under U.S.C. §§ 1983, 1985, and the 1st, 4th, 5th, and 14th Amendments to the United States Constitution.

61.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was

seriously harmed, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

62.     As a direct result of said acts, Plaintiff has suffered and continues to suffer repeated, severe and permanent psychological, emotional and physical trauma and damage, including distress, humiliation, embarrassment, property damage, great financial expense and damage to his reputation, and the emotional and psychological trauma as alleged in the preceding paragraphs of the within complaint.

63.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

## AS AND FOR A FOURTH COUNT
### 42 U.S.C. § 1981

64.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1 though 63 of this Complaint with the same force and effect as though fully set forth herein.

65.     The Defendants COUNTY, its agents and employees, the SCPD, in its agents and employees, POLICE OFFICER SANTAMARIA in his individual and official capacity, POLICE OFFICERS JOHN DOES 1-4, in their individual and official capacity, deprived Plaintiff of his Fourth, Fifth, Sixth and Fourteenth Amendment rights, and caused such deprivation of rights by unlawfully using deadly and unreasonable force and threat of bodily harm as described above in paragraphs 1 through 60 of this Complaint. Said acts were motivated by race and color, and  were marked by the conduct of Defendants to support the motivation.

-15-

66.     Upon information and belief, the Defendants COUNTY, SCPD, and SANTAMARIA further deprived the Plaintiff of his due process rights; specifically by discharging his weapon and engaging in summary punishment and use of force to deprive Plaintiff of his rights to proper and non-violent treatment without proper cause or suspicion, proper investigation, rule of law and by further denying the plaintiff his Fifth Amendment rights via an attempt to cover up the misconduct of said officers and officials and to prevent plaintiff from being compensated for his being wrongfully subjected to the use of force and threats of serious bodily harm arising from the discharge of a firearm, and other physical and emotional harm incurred.

67.     In furtherance of said conduct, the Defendant officer prolonged the Plaintiff's fear for his life and safety, by failing to investigate Plaintiff's protests that there was no need to use firearms or discharge a firearm into his car and at his person.

68.     Said actions by Defendants COUNTY, SCPD, and SANTAMARIA denied the Plaintiff his Due Process, and denied him the equal protection under the law.  All of these rights are guaranteed to the Plaintiff under U.S.C. §§1981.  Said acts were motivated by race and color, and were marked by the conduct of Defendants to support the motivation.

69.     By assisting in the use of deadly force, the threat of deadly prolonged detainment and false charges against the Plaintiff, COUNTY, SCPD, and SANTAMARIA acted with the shared purpose of denying Plaintiff his rights to freedom of movement, protection from unlawful seizure, procedural and substantive due process, and the right to equal protection under the laws.  These rights are guaranteed to the Plaintiff under 42 U.S.C. §1981.

70.     As a result of said conduct by the Defendants COUNTY, SCPD, and SANTAMARIA, the Plaintiff has been subjected to unnecessary and unsubstantiated charges,

detention, court appearances, and other due process violations.

71.     Plaintiff further suffered severe humiliation, anxiety, fear, and emotional and psychological harm, as a direct result of being subjected to the use of force and threats of serious bodily harm, and death,  arising from the discharge of a firearm.

72.     As a direct result of said acts, Plaintiff has suffered and continues to suffer repeated, severe and permanent psychological, emotional and physical trauma and damage, including distress, humiliation, embarrassment, property damage, great financial expense and damage to his reputation, and the emotional and psychological trauma as alleged in the preceding paragraphs of the within complaint.

73.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

## AS AND FOR A FIFTH COUNT
### NEGLIGENCE
### PENDENT JURISDICTION

74.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1 though 73 of this Complaint with the same force and effect as though fully set forth herein.

75.     In the acts complained of herein, Defendant COUNTY and SCPD OFFICERS acted negligently in that they had a duty to act reasonably and responsibly and not to act in a manner to beat, brutalize and physically harm Plaintiff. Defendant Officers had a duty not to beat, brutalize, or otherwise abuse Plaintiff. Defendant Officers had a duty to act as would prudent officers, by not taking actions which would unnecessarily physically harm Plaintiff  and other persons similarly situated, and acting within the scope of their authority, and not using excessive force or otherwise

violating the  Constitutional and civil rights of Plaintiff. Defendant Officers, in their actions,

breached those duties.

76.     Further, Defendants COUNTY and SCPD OFFICERS, their agents, employees,

and/or servants, violated the Plaintiff's rights secured under United States Constitution and 42

U.S.C. § 1983, and were careless, negligent and reckless in the care and treatment of Plaintiff by

failing to hire, supervise, discipline, and investigate the Defendant Officers involved in the instant

matter. Defendants COUNTY and SCPD OFFICERS knew or should have known of the Defendant

SCPD OFFICERS' propensities for the conduct which caused severe physical harm to Plaintiff.

77.     As a consequence of Defendants' wrongful actions, intentional, negligent, and

reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was

seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and

suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a

result of the aforesaid unlawful conduct of Defendants.

78.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable

injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as

punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

### AS AND FOR A SIXTH COUNT
### BATTERY
### PENDENT JURISDICTION

79.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1

though 78 of this Complaint with the same force and effect as though fully set forth herein.

80.     Defendants COUNTY and  SCPD OFFICERS having illegally and unlawfully used

deadly force, threatened the use of deadly force, shot into Plaintiff's car, abused, and physically

mistreated Plaintiff violated the rights of the Plaintiff as well as the laws of the State of New York.

81.     Defendant SCPD OFFICERS wrongfully, unlawfully and without privilege, consent, emergency, necessity, or justification, forced Plaintiff to endure violent and deadly force used and threatened and physical abuse. Plaintiff at no time consented to such abuse or seizure of his person by Defendant Officers. Said actions were intentional and aimed at injuring and causing Plaintiff harm discomfort, pain and humiliation.

82.     Plaintiff was subjected to being fired upon, and physically abused against his will. Plaintiff committed no violation and/or act to justify or rationalize such illegal and unlawful conduct by the Defendant SCPD OFFICERS.

83.     Defendant SCPD OFFICERS did intentionally discharge a firearm with no reason or legal authority to do so and did abuse Plaintiff, placing him in fear of imminent danger and/or bodily harm and/or death, and subjected him to great pain and injury by virtue of Defendant Officers' conduct including, but not limited to, the unwarranted and unjustified excessive use of force on Plaintiff's body.

84.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was seriously harmed, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

85.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

## AS AND FOR A SEVENTH COUNT
### ABUSE OF PROCESS
### PENDENT JURISDICTION

86.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1 though 85 of this Complaint with the same force and effect as though fully set forth herein.

87.     Defendants' were clearly engaged in the improper exercise of their police power, the resources of government, use of excessive and unreasonable force, as well as an abuse of process.

88.     That the assault, battery, excessive and unreasonable use of force, and violation of Plaintiff's civil rights were brought about and caused by the actions of Defendants and that the same were a clear and intentional abuse of process causing Plaintiff severe damage.

89.     As a result of said abuse of process, Plaintiff has suffered continued emotional damage, including prolonged stress and anxiety, fear, and frustration, and has been harmed monetarily in his incurring of attorney fees, property damage.

90.     That by reason of the foregoing, Plaintiff has been placed in fear of his life, emotional damages, distress, pain, suffering, loss of self esteem, self doubt  and  exposed him to disgrace, public humiliation and embarrassment was prevented from attending her work and business for a long time, was deprived his Constitutional rights and has been damaged in the sum of FIVE MILLION ($5,000,000.00)DOLLARS.

## AS AND FOR A EIGHTH COUNT
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### PENDENT JURISDICTION

91.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1 though 90 of this Complaint with the same force and effect as though fully set forth herein.

92.     The COUNTY and SCPD OFFICERS acted outrageously for their above-stated roles

in the use of deadly force, wrongful stop, detainment, false arrest,  prolonged captivity, assault, battery, intimidation and public humiliation of the Plaintiff.

93.      Said emotional harm was exacerbated by the fabricated criminal charges against the Plaintiff, known by COUNTY and SCPD OFFICERS to be without basis, yet prosecuted  Plaintiff with the intention of causing extreme further harm and duress to the Plaintiff.

94.      In light of the Plaintiff's physical illness, said conduct was even more outrageous, callous, malicious, and dangerous to the emotional well-being of said Plaintiff.

95.      The Defendants knew that their conduct would cause severe and extreme emotional harm to Plaintiff.

96.      That by reason of the foregoing, Plaintiff has been placed in fear of his life, emotional damages, distress, pain, suffering, loss of self esteem, self doubt  and  exposed him to disgrace, public humiliation and embarrassment was prevented from attending her work and business for a long time, was deprived his Constitutional rights and has been damaged in the sum of FIVE MILLION ($5,000,000.00)DOLLARS.

**WHEREFORE** Plaintiff demands judgment against Defendants:

a.      on the First Count in the sum of FIVE MILLION ($5,000,000.00)  DOLLARS.

b.      on the Second Count in the sum of FIVE MILLION ($5,000,000.00)  DOLLARS.

c.      on the Third Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

d.      on the Fourth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

e.      on the Fifth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

f.      on the Sixth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

g.  on the Seventh Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

h.  on the Eighth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

I.  Punitive damages in the amount of TEN MILLION ($10,000,000) DOLLARS.

j.  Award attorney's fees and costs of this action to the Plaintiffs pursuant to 42 U.S.C. § 1988;

k.  Declaratory Judgment that defendants wilfully violated plaintiffs' rights secured by federal and state law as alleged herein;

l.  Injunctive relief, requiring defendants to correct all past violations of federal and state law as alleged herein; to enjoin defendants from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

m.  Award such other and further relief as this Court may deem appropriate.

## _A JURY TRIAL IS HEREBY DEMANDED_

Dated: Hempstead, New York
       January 3, 2017

                              Respectfully submitted,

                              THE LAW OFFICES OF
                              FREDERICK K. BREWINGTON

                              By: _____
                              FREDERICK K. BREWINGTON
                              *Attorneys for Plaintiff*
                              556 Peninsula Boulevard
                              Hempstead, New York 11550
                              (516) 489-6959