UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AL M. KIRBY,

                Plaintiff,

-against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE OFFICER DONALD SANTAMARIA
in his official and individual capacities,
SUFFOLK COUNTY POLICE OFFICERS
JOHN DOES 1-4 in their official and individual
capacities,

                Defendants.

AFFIRMATION IN SUPPORT
OF MOTION PURSUANT TO
RULE 56

16-cv-7161(ENV)(SIL)

      Kyle Wood, an attorney duly admitted to practice law before this Court and the courts of the State of New York, affirms as follows under penalty of perjury:

      1.  I am an Assistant County Attorney in the office of Dennis M. Brown, Suffolk County Attorney, attorney for County of Suffolk and Suffolk County Police Officer Donald Santamaria ("the County"), defendants in this civil rights action pursuant to 42 U.S.C. §1983 brought by plaintiff Al Kirby.  I submit this affirmation in support of the defendants' motion pursuant to Fed. R. Civ. P. Rule 56 for summary judgment dismissing the amended complaint ("the complaint") as against the defendants. (A copy of the Amended Complaint is annexed as Exhibit A).

      2.  This action was commenced by the plaintiff Al M. Kirby on January 4, 2017. The complaint filed by the plaintiff alleges: under 42 USC § 1983 a claim of excessive force alleging defendant Police Officer Santamaria's discharge of a firearm toward plaintiff constituted excessive force and abuse of process ; a 42 USC § 1985 conspiracy to interfere with a civil rights claim; under 42 USC § 1981 a violation of equal rights

1

under the law. The plaintiff has also asserted a *Monell* claim against the County defendants and filed pendant State claims for violations of his civil rights.

3. The County defendants respectfully submit that the plaintiff cannot sustain his alleged claims and summary judgment is appropriate.

4. On January 30, 2016 on River Road in Shirley, New York, at approximately 1:47 a.m., P.O. Santamaria conducted a traffic stop of an SUV driven by the plaintiff after the vehicle drove through a stop sign and sped away. Officer Santamaria caught up to the plaintiff's truck and pulled him over in a remote area of the road.

5. During the course of this traffic stop, Officer Santamaria got out of his patrol car and could see the driver crouched down looking through the side view mirror at him. The driver's side window was down, but all the remaining windows were in the up position and were tinted so as to make seeing into the vehicle impossible.

6. Officer Santamaria took his pistol from its holster and instructed the driver to place his hands on the steering wheel. The plaintiff did not respond or comply. Officer Santamaria again ordered the driver to place his hands on the steering wheel, at which time the plaintiff turned and directed an object that he was holding in his hands toward the officer.

7. Officer Santamaria believed the object to be a firearm and thought he was being drawn upon. In response, Officer Santamaria intentionally fired one (1) round from his service weapon because he believed his life was in danger. The round lodged into the door of the SUV that plaintiff was driving.

8. Mr. Kirby was not struck or injured and was subsequently arrested for Driving While Intoxicated. He was transported to the Seventh Precinct for processing without incident and taken to First District Court for arraignment later that day.

9. Plaintiff's Prisoner Activity Log listed no claimed injuries. Mr. Kirby ultimately pled guilty to Driving While Impaired on June 10, 2016 with several related VTL traffic infractions dismissed in satisfaction.

10. The plaintiff cannot recover on his claim of excessive force since the allegations pertaining to this alleged violation are improper conclusory legal allegations devoid of facts to support the asserted cause of action. Moreover, since the complaint fails to sufficiently establish an underlying violation of the plaintiffs' constitutional rights, any *Monell* claims against the County of Suffolk defendants should be dismissed as well.

11. An element of an excessive force claim is that the defendant's conduct caused some harm to the plaintiff. It is undisputed that plaintiff has no physical injury connected to the discharge of the firearm. Plaintiff cannot now establish a causal connection between the event and any harm; as such evidence would require expert testimony.

12. Plaintiff has provided no evidence of any physical injury beyond his claims that he was later told to kneel down on the ground and was handcuffed in this matter.

13. As a result, plaintiff testified the only treatment received following the arrest was massage therapy. Plaintiff testified he received no medical treatment for physical injuries related to this arrest.

14. There is without question no physical injury that plaintiff can claim is related to the discharge of the officer's firearm. Because the plaintiff cannot establish any

causation between an injury and the conduct of the defendants, his excessive force claim fails as a matter of law.

15. In the obvious absence of any physical injury in this matter, plaintiff appears to claim he is suffering from emotional injuries. Of particular relevance herein is that because the "extent of injury" is "one factor to be considered when determining whether the use of force was excessive". *Sash v. U.S.*, 674 F. Supp. 2d at 539 quoting, *Ortiz v. Pearson*, 88 F. Supp 2d 151, 160 (S.D.N.Y. 2000), the predicate injury must be a physical one due to trauma, not purely psychological. See, e.g., *Johnson v. County of Nassau*, 2010 WL 3852032 (E.D.N.Y. Sept 27, 2010)(No recovery for purely psychological harms by way of excessive force claim); *Russo v, Port Authority of New York & New Jersey*, 2008 WL 4508558 at * 5 (plaintiff has no excessive force claim even if he can prove that officer's use of force caused him Post-Traumatic Stress Disorder); *Roundtree v. City of New York*, 778 F. Supp. 614 (E.D.N.Y. 1991)(emotional pain and suffering insufficient to state an excessive force claim).

16. There has been no testimony or evidence to connect a physical sustained by the plaintiff, as a result he cannot establish a §1983 claim of excessive force.

17. An element of any 42 USC § 1983 claim of excessive force is a connection/proximate cause between the use of force and some harm to the claimant.

18. Since the complaint fails to sufficiently establish an underlying violation of the plaintiffs' constitutional rights, any *Monell* claims against the County of Suffolk defendants should be dismissed as well.

19. Plaintiff's 42 USC § 1985 conspiracy to interfere with a civil rights claim and 42 USC § 1981 denial of equal protection claim are solely based on conclusory

statements without any evidence that the Municipal defendant and SCPD Officers conspired to deprive Plaintiff of his 1st, 4th, 5th, and 14th Amendment rights, and jointly caused such deprivation of rights by acting in concert. There is no evidence that any action taken by the named defendant was as a result of Plaintiff's race. Defendant Santamaria intentionally fired one (1) round from his service weapon because he believed his life was in danger. The subsequent investigation and evidence collection was all performed in accordance with SCPD procedures. Plaintiff later pled guilty to Driving While Impaired and the remaining VTL charges were dismissed in satisfaction of that plea.

20. Accordingly, Police Officer Donald Santamaria and the County of Suffolk are entitled to dismissal of the claims brought against them by the plaintiff.

WHEREFORE, defendants Donald Santamaria and the County of Suffolk respectfully request that this Court grant this motion for summary judgment pursuant to F.R.C.P. Rule 56.

Dated: Hauppauge, New York  
       September 7, 2018

Yours, etc.  
DENNIS M. BROWN  
SUFFOLK COUNTY ATTORNEY  
Attorney for Defendants  
H. Lee Dennison Building  
100 Veterans Memorial Highway  
P.O. Box 6100  
Hauppauge, New York 11788

BY:     */s/ Kyle Wood*  
        Kyle Wood  
        Assistant County Attorney