UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
AL M. KIRBY,　　　　　　　　　　　　　　　　Docket No.: CV-16--7161
　　　　　　　　　Plaintiff　　　　　　　　　　　　　　　(ENV)(SIL)

　　　v.

COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE OFFICER DONALD SANTAMARIA,
in his official and individual capacity, SUFFOLK
COUNTY, POLICE OFFICERS JOHN DOES 1-4
in their official and individual capacities,

　　　　　　　　　Defendants.
----------------------------------------------------------------X

## PROPOSED JOINT PRE-TRIAL ORDER

### I.
### FULL CAPTION OF THE CASE

The caption as set forth above is the full caption of this matter.

### II.
### TRIAL COUNSEL

**Counsel for Plaintiff:**
Frederick K. Brewington, Esq.
LAW OFFICE OF FREDERICK K. BREWINGTON
556 Peninsula Boulevard
Hempstead, New York 11550-4282
Office: (516) 489-6959
Fax: (516) 489-6958
email: fred@brewingtonlaw.com; office@brewingtonlaw.com

**Counsel for Defendants**
Dennis M. Cohen, County Attorney
By: Stacy Skorupa, Esq.
OFFICE OF THE COUNTY ATTORNEY
COUNTY OF SUFFOLK
H. Lee Dennison Building
100 Veterans Memorial Highway
Hauppauge, New York 11788
Office: 631-853-4055
Fax: 631-853-8341
email: stacy.skorupa@suffolkcountyny.gov

# III.
# SUBJECT MATTER JURISDICTION

### *Plaintiff's Statement*

This action is brought pursuant to 42 U.S.C. §§1981, 1983, and 1985, First, Fourth, Fifth, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Subject matter jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(3) and the aforementioned statutory provisions. This Court is requested to exercise pendant jurisdiction with respect to the State law claims pursuant to 28 U.S.C. §1367.

### *County Defendants' Statement*

Defendant contends that Plaintiff does not possess claims upon which relief may be granted under the First, Fourth, Fifth, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution under the claimed authority of 42 U.S.C. §§1981, 1983 and 1985. The Court accordingly lacks subject-matter jurisdiction under 28 U.S.C. §1331 and §1343 and said statutes over the federal claims and thereby lacks the authority to exercise pendant jurisdiction with respect to the State law claims pursuant to 28 U.S.C. §1367. Further, Defendant notes that Plaintiff's claims under the authority of 42 U.S.C. §§1981 and 1985, while listed above, were dismissed on

summary judgment by the Hon. Eric N. Vitaliano, U.S.D.J., as were all of his claims under the authority of 42 U.S.C. § 1983 (also listed above) except for his excessive force claim against Defendant for the discharging of his firearm. See DE 36. As to Plaintiff's state claims, they were all dismissed on summary judgment in the same decision except for the claim against Defendant for intentional infliction of emotion distress as to the shooting only.

IV

**SUMMARY OF CLAIMS AND DEFENSES**

*Plaintiff's Statement*

Plaintiff initially asserted claims seeking to hold Defendants COUNTY OF SUFFOLK (hereinafter "COUNTY"), SUFFOLK COUNTY POLICE OFFICER DONALD SANTAMARIA (hereinafter "SANTAMARIA")liable for the following violations:

- Count One:      42 U.S.C. §1983 Excessive Force
- Count Two:      42 U.S.C. § Municipal Liability
- Count Three:    42 U.S.C. § Conspiracy
- Count Four:     42 U.S.C. §1981 Equal Rights
- Count Five:     State Law Negligence
- Count Six:      State Law Battery
- Count Seven:    State Law Abuse of Process
- Count Eight:    Intentional Infliction of Emotional Distress

*Claims that Remain to be Tried*

On November 9, 2018, Defendants filed a Notice of Motion, seeking Summary Judgment on all of Plaintiff's claims. By *Memorandum & Order,* dated April 17, 2020 the Honorable Eric N. Vitaliano, held that Defendants' motion for summary judgment on the following claims, were denied as follows:

- Count One:      42 U.S.C. §1983 Excessive Force
- Count Eight:    Intentional Infliction of Emotional Distress "against Santamaria only, and only as to the shooting."

Defendants' motion for summary judgment was granted in all other respects.

## *Defendants' Statement*

**Remaining Defenses**:

1. That the amended complaint fails to state a claim upon which relief can be granted.

2. That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

3. That the amended complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

4. That the doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

5. That municipal defendants are not liable for punitive damage awards.

6. That this Court lacks subject-matter jurisdiction.

7. That plaintiff has failed to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

8. That Plaintiff's claims, if any, are in whole or in part, barred by the doctrines of collateral estoppel and/or res judicata.

9. That Defendant's actions, if any, were justified by the facts and circumstances presented.

10. That the arrest and/or detention, if any, were reasonable and based upon probable cause to believe that the plaintiff had committed a crime and/or offense.

11. That Defendant, at all times complained of, acted reasonably and in good faith in the discharge of his official duties and responsibilities. That Defendant acted in what he did solely pursuant to his duties and responsibilities as law enforcement and/or a prosecuting official. That Defendants at all times acted in good faith in that he reasonably believed that he was exercising and acting within his statutory and constitutional powers. That in performing such duties and responsibilities, Defendants is and was protected by absolute and/or qualified Federal and/or State immunity.

12. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

13. To the extent that the amended complaint purports to set forth any supplemental state law claims, they are barred by the plaintiff's failure to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

**Defenses previously asserted which are not to be tried:**

1. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

2. That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

3. That plaintiffs' claims, if any, are barred in whole or in part by the statute of limitations.

4. That the substance of any communications, if any, made by the defendants and/or their agents are and were true.

5. That the substance of any communications, if any, made by defendants and/or their agents are and were absolutely privileged.

6. To the extent that the amended complaint purports to set forth any supplemental state law claims, they are barred by the statute of limitations.

7. That the Suffolk County Police Department is not an entity susceptible to suit.

## V.
## JURY/NON JURY TRIAL

*Plaintiff's Statement:*

Plaintiff requests that this matter be tried before a jury. Plaintiff anticipates that his case can be presented in three **(3) days.**

*Defendants' Statement:*

Defendants request that this matter be tried before a jury. Defendant anticipates that their case can be presented in four **(4) days.**

# VI.
# CONSENT TO MAGISTRATE JURISDICTION

One or both of the parties do not consent to a trial before the presiding Magistrate Judge.

# VII.
# STIPULATIONS OR AGREED STATEMENTS OF FACT OR LAW

*Stipulations of Facts*

1. At all relevant times, Defendant was acting under color of law.

# VIII.

# WITNESSES

*Plaintiff's Fact Witnesses*

1. AL M. KIRBY
Mr. Kirby is the Plaintiff in this matter, and can be reached through his attorneys the Law Offices of Frederick K. Brewington, 556 Peninsula Boulevard, Hempstead, New York 11550. Mr. Kirby will testify concerning the claims as set forth in the *Amended Complaint* of this matter.

2. DONALD SANTAMARIA
Donald Santamaria is the Defendant in this matter, and can be reached through his attorneys, the Office of the Suffolk County Attorney, 100 Veterans Memorial Highway, Hauppauge New York 11788. Mr. Santamaria will be called upon to testify concerning the claims set forth in the Amended Complaint of this matter.

3. DAWN KIRBY
Ms. Kirby is a non party witness, the spouse of Plaintiff, and can be reached through the Law Offices of Frederick K. Brewington, 556 Peninsula Boulevard, Hempstead, New York 11550. and will be called upon to testify concerning the claims as set forth in the Amended Complaint of this matter.

4. NYASANU BARBEE, Ph.D.
Dr. Barbee is Plaintiff's treating mental health physician, and will be called upon to testify concerning Plaintiff's mental health.

## *Plaintiff's Expert Witnesses*

1. Walter Signorelli, Esq.
   2020 Maple Hill Street
   P.O. Box 1255
   Yorktown Heights, New York 10598

## *County Defendants' Fact Witnesses*

1. Police Officer Donald Santamaria
   30 Yaphank Avenue, Yaphank, NY 11980
   Officer Santamaria is the named Defendant in this matter and will be called upon to testify concerning the remaining claims set forth in the Amended Complaint and his interaction with Plaintiff on January 30, 2016.

2. Police Officer Jeffrey Cline
   30 Yaphank Avenue, Yaphank, NY 11980
   Officer Cline is a non-party witness and will be called upon to testify concerning the remaining claims set forth in the Amended Complaint and his interaction with Plaintiff and Defendant on January 30, 2016.

3. Lt. Richard Ulrich
   30 Yaphank Avenue, Yaphank, NY 11980
   Lt. Ulrich is a non-party witness and will be called upon to testify concerning the remaining claims set forth in the Amended Complaint and his interaction with Plaintiff and/ or Defendant on January 30, 2016.

4. Sergeant Lee Wiedl
   30 Yaphank Avenue, Yaphank, NY 11980
   Sergeant Wiedl is a non-party witness and will be called upon to testify concerning the remaining claims set forth in the Amended Complaint and his interaction with Plaintiff and/ or Defendant on January 30, 2016.

5. Sergeant Matthew Bjelobrk
   30 Yaphank Avenue, Yaphank, NY 11980
   Sergeant Bjelobrk is a non-party witness and will be called upon to testify concerning the remaining claims set forth in the Amended Complaint and his interaction with Plaintiff and/ or Defendant on January 30, 2016.

6. Police Officer Robert Bennett
   30 Yaphank Avenue, Yaphank, NY 11980
   Officer Bennett is a non-party witness and will be called upon to testify concerning the remaining claims set forth in the Amended Complaint and his interaction with Plaintiff and/ or Defendant on January 30, 2016.

7. Sergeant Paul Castelli
   30 Yaphank Avenue, Yaphank, NY 11980
   Sergeant Castelli is a non-party witness and will be called upon to testify concerning the remaining claims set forth in the Amended Complaint and his interaction with Defendant on January 30, 2016.

8. Police Officer Perry Smith
   30 Yaphank Avenue, Yaphank, NY 11980
   Officer Smith is a non-party witness and will be called upon to testify concerning the remaining claims set forth in the Amended Complaint and his processing of the scene on January 30, 2016.

9. Police Officer Thomas Barry
   30 Yaphank Avenue, Yaphank, NY 11980
   Officer Barry is a non-party witness and will be called upon to testify concerning the remaining claims set forth in the Amended Complaint and his processing of Plaintiff's vehicle at the Suffolk County Police Department Impound Garage on February 2, 2016.
   ***Objection pursuant to FRCP 26(a)(1)(A)(i)***

10. Dana Amodeo, M.D.
    St. Charles Hospital, Port Jefferson, NY
    Dr. Amodeo is a non-party witness who treated Defendant after his interaction with Plaintiff on January 30, 2016 and will be called upon to testify regarding said treatment.

11. Lt. Steven Webber
    30 Yaphank Avenue, Yaphank, NY 11980
    Lt. Webber is a non-party witness and will be called upon to testify concerning the remaining claims set forth in the Amended Complaint

### *County Defendants' Expert Witnesses*

None

# XI.
# DEPOSITION TESTIMONY

*Plaintiff's Designations:*

Plaintiff does not designate any deposition testimony to be offered in the case; except in the event of the unavailability of a witnesses, or for impeachment purposes.

*County Defendants' Designations:*

Defendants do not designate any deposition testimony to be offered in their case-in-chief except in the event of the unavailability of a witness and/or for impeachment purposes.

**X(b)**
**EXHIBITS TO BE OFFERED INTO EVIDENCE**

*Plaintiff's Exhibits*

| EXHIBIT NO. | DESCRIPTION | OBJECTIONS |
| --- | --- | --- |
| 1. | Notice of Claim, dated April 25th, 2016, bates stamp no.: 0001-0004 | Relevance and hearsay |
| 2. | Summons and Amended Complaint, dated January 4th, 2017, bate stamp no.: 0005-0031. | Relevance and hearsay |
| 3. | Answer to Amended Complaint, dated March 17th, 2017, bate stamp no.: 0032-0040 | Relevance |
| 4. | Transcript of 50-H hearing of Mr. Al M. Kirby, dated, October 27th 2016, bate stamp no.: 0041-0069. | Relevance and hearsay |
| 5. | Metlife Auto & Home, estimate for repair of Cadillac Escalade, bates stamp no.: Kirby 0073-77 | Relevance and hearsay |
| 6. | Police Investigation, 16-80867 01/30/16, River Rd., 500' South of E. Main St. Yaphank, P.O. Smith 4173/4140/4 Crime Scene Section, bates stamp #Att #18-8, Pltf's ebt Exh. 1 | No objection provided that the records introduced are exact copies of the original documents previously provided by Defendants |

| 7. | Photograph of Plaintiff's Automobile and SCPD cruiser, Pltf's ebt Exh 2 | No objection provided that the records introduced are exact copies of the original documents previously provided by Defendants |
| --- | --- | --- |
| 8. | Photograph of Plaintiff's Automobile and SCPD cruiser, Pltf's ebt Exh 3 | No objection provided that the records introduced are exact copies of the original documents previously provided by Defendants |
| 9. | Photograph of a handgun, Pltf's ebt Exh 4 | No objection provided that the records introduced are exact copies of the original documents previously provided by Defendants |
| 10. | Photograph of o bullet hole in Plaintiff's automobile, Pltf's ebt Exh 5 | No objection provided that the records introduced are exact copies of the original documents previously provided by Defendants |

| 11. | Photograph of two bullet holes in Plaintiff's automobile, Pltf's ebt Exh 6 | No objection provided that the records introduced are exact copies of the original documents previously provided by Defendants |
| --- | --- | --- |
| 12. | Photograph of Plaintiff at SCPD headquarters, Pltf's ebt Exh 7 | No objection provided that the records introduced are exact copies of the original documents previously provided by Defendants |
| 13. | SCPD *Firearms Discharge Procedure, Order No.: 11-52,* bates stamp no.: Att #24-12-18, Pltf's ebt Exh. 8 | Relevance and confusion |
| 14. | SCPD Scene Log, 01/30/16, recorded by Greg Galvin, PO 5870, bates stamp no.: Att #17, Pltf's ebt Exh. 9 | No objection provided that the records introduced are exact copies of the original documents previously provided by Defendants |
| 15. | SCPD *Use of Physical Force, Order No. 14-21,* bates stamp no.: Att #24-1-6, Pltf's ebt Exh. 10 | Relevance and confusion |
| 16. | SCPD *Use of Force-Use of Firearms and Deadly Physical Force, Order No. 15-19,* bates stamp no.: Att #24-7-11, Pltf's ebt Exh. 11 | Relevance and confusion |

| | | |
|---|---|---|
| 17. | SCPD, *Case Summary,* bates stamp no.: Att #21, Pltf's ebt Exh. 12 | No objection provided that the records introduced are exact copies of the original documents previously provided by Defendants |
| 18. | SCPD, *Use of Force Rept. IA No.: UOF2016-0074,* Received: 01/30/16, bates stamp no.: Att #6-1-3, Pltf's ebt Exh. 13 | Relevance and hearsay |
| 19. | SCPD *Administrative Investigation IA No.: 2016-005i,* Received: 02/01/16, bates stamp no.: Att #1-1-2, Pltf's ebt Exh. 14 | Relevance and hearsay |
| 20. | SCPD *Subject Resistance Report*, dated 02/24/16, bates stamp no.: Att #7, Pltf's ebt Exh. 15 | No objection provided that the records introduced are exact copies of the original documents previously provided by Defendants |
| 21. | SCPD *Arrest Report*, cc:16-0080867/SPD, bates stamp no.: Att #3-2, 4, Pltf's ebt Exh. 16 | No objection provided that the records introduced are exact copies of the original documents previously provided by Defendants |

| | | |
|---|---|---|
| 22. | *Supporting Deposition for Simplified Information,* Pltf's ebt Exh. 17 | No objection provided that the records introduced are exact copies of the original documents previously provided by Defendants |
| 23. | SCPD *Internal Correspondence,* dated 06/27/16, to: Deputy Chief William Neubauer, from: Capt. Kevin M. Foley, *re: Internal Affairs Case #2016-551*, Pltf's ebt Exh. 18 | Relevance and hearsay |
| 24. | SCPD *Internal Correspondence*, dated 06/29/16, to: Deputy Chief William E. Neubauer, from: Lt. Steven Webber, *re: Internal Affairs Bureau Case #16-551, Notice of Claim - Pro Se*, Pltf's ebt Exh. 19 | Relevance and hearsay |
| 25. | SCPD *Internal Correspondence,* dated 04/27/17 to: Deputy Chief JoAnn McLaughlin, from: Lt. Steven Webber, *re: IAB Case #16-55i-Addendum,* Pltf's ebt Exh. 20 | Relevance and hearsay |
| 26. | Plaintiff's medical records of treatment by Dr. Nyasanu Barbee, pgs 174-338 | Object to these records to the extent (if any) that the portion sought to be introduced provides an incomplete record and/or to the extent Defendants were not given the records or a release for same |

**X(b)**

*Defendants' Exhibits*

Defendant reserves his right to offer into evidence any and all relevant and admissible exhibits, and all portions thereof, previously identified by the plaintiff whether or not the plaintiff actually offers such exhibits. (Said exhibits are hereby incorporated by reference.) Additionally, Defendant may offer the following exhibits, in whole or in part, in his case in chief:

A. Suffolk County Police Department Radio Transmissions
***Objection: FRE 401, 403***

B. SCPD photographs at incident location (71), Impound Yard (36) and precinct (Plaintiff's wellness photographs (13) and mugshot)

C. SCPD police paperwork for Plaintiff's arrest on 1/30/16 under SCPD CC#16-080867
***Objection: FRE 401, 403, 802***

D. SCPD Internal Affairs file attachments (both documents and audio) from the incident on January 30, 2016 giving rise to the Amended Complaint in this case
***Objection: FRE 401, 403, 802***

E. Certificate of disposition and plea minutes from Plaintiff's underlying DWI arrest on January 30, 2016 (docket 2016SU00310 and CC#16-080867)
***Objection: FRE 401,403***

F. Overhead map of the area where Plaintiff's vehicle was observed, followed and stopped by Defendant on January 30, 2016
***Objection: FRE 401, FRCP 34 (document not provided or identified during discovery)***

G. Notice of Claim dated April 25, 2016

H. Plaintiff's Response to Defendants' Interrogatories dated July 24, 2017

I. Transcript of Plaintiff's 50-h hearing on October 27, 2016

J. Medical records of Plaintiff from treatment by Nyasanu Barbee, Ph.D

K. Medical and mental health records of Plaintiff from the Northport VA

L.     Medical and mental health records of Plaintiff from Stony Brook University Hospital
***Objection: FRCP 26 and 34 (Document not produced or identified during discovery)***

M.     Report of Walter Signorelli dated July 10, 2018

N.     CV of Walter Signorelli

# XI.
# FURTHER RESERVATION OF RIGHTS

Subject to the ruling of this Court, Plaintiff and Defendant, by and through counsel, reserve their respective rights to amend and to supplement this Pre-Trial Order.

Subject to the ruling of this Court, Plaintiff and Defendant reserve the right to use any relevant and admissible exhibit identified by Plaintiff's or Defendant's exhibit lists whether or not the Plaintiff or Defendant actually offers such exhibit at the time of trial.

Subject to the ruling of this Court, Plaintiff and Defendant reserve the right to object to any of Plaintiff's or Defendant's exhibits which have not been provided to either party.

Subject to the ruling of this Court, Plaintiff and Defendant respectfully reserve the right to offer for evidence any items, information, and documents obtained pursuant to subpoena.

Subject to the ruling of this Court, Plaintiff and Defendant additionally reserve the right to object to Plaintiff's or Defendant's exhibits based on relevancy or other evidentiary grounds.

The Parties respectfully reserve the right, subject to the ruling of this Court, to call upon any witnesses identified by each other's Joint Pre-Trial Order in this action.

Dated: July 9, 2021

| | |
|---|---|
| LAW OFFICES OF<br>FREDERICK K. BREWINGTON | DENNIS M. COHEN<br>COUNTY ATTORNEY |
| */s/ Frederick K. Brewington*<br>By: FREDERICK K. BREWINGTON<br>*Attorneys for Plaintiff*<br>556 Peninsula Boulevard<br>Hempstead, New York<br>(516) 489-6959 | */s/ Stacy A. Skorupa*<br>By: STACY A. SKORUPA<br>*Attorneys for Defendants*<br>100 Veterans Memorial Highway<br>Hauppauge, New York 11788<br>(516) 853-5673 |