| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | CIVIL CONFERENCE<br>MINUTE ORDER |

BEFORE: STEVEN I. LOCKE                                                             DATE: 11/13/24
       U.S. MAGISTRATE JUDGE                                         TIME:  2:00 pm
CASE:  **CV 16-7161(SIL) Kirby v. County of Suffolk et al**
TYPE OF CONFERENCE:    MOTION/SETTLEMENT                    FTR: 1:57-2:10
APPEARANCES:
      For Plaintiff:   <u>Frederick Brewington and Albert Manuel</u>

      For Defendant: <u>Stacy Skroupa</u>

**THE FOLLOWING RULINGS WERE MADE:**

☒    Other: Oral argument held.  Plaintiff's motion in limine, DE [64], is denied for the reasons set forth on the record.  Plaintiff is judicially estopped from testifying contrary to his allocution in the underlying criminal matter that he was operating a vehicle while impaired.  See Bongiorno v. Perelli, 537 F. Supp. 2d 367, 373-74 (N.D.N.Y. 2021); Rolkiewicz v. City of New York, 442 F. Supp. 3d 627, 639-40 (S.D.N.Y. 2020); Castro v. City of New York, 16 CV 8147 (RA), 2020 WL 6782000, *7-8 (S.D.N.Y. Nov. 18, 2020).

      Defendant's motion in limine is also denied.  Plaintiff's intentional infliction of emotional distress is brought against an individual officer, not a municipality, and therefore need not be dismissed as a matter of law.  See J.H. v. Bratton, 248 F. Supp. 3d 401, 416 n. 10 (E.D.N.Y. 2017) ("Plaintiff's IIED claim may proceed only against the individual officers who were involved in the misconduct alleged").  As to Defendant's motion directed at potential propensity evidence, Plaintiff stated on the record that at this point he has none to offer and so the issue is moot.  In this regard, the Court acknowledges that he may seek to subpoena records that might require analysis under Rule 404(b).  The issue is not ripe for further adjudication at this time.  Finally, as to Defendant's motion to preclude Plaintiff's expert, the arguments are better directed to cross-examination and are not a basis to bar the witness's testimony.

      The parties will appear on December 13, 2024 at 10:00am for a settlement conference.  Someone with authority must appear for both sides.
**The trial date remains March 3, 2025 and will not be adjourned.**

**COURT APPEARANCES:**
The following conference(s) will be held in courtroom 820 of the Central Islip courthouse:

    <u>     12/13/24 at 10:00 am          </u>: Settlement conference


                                                   SO ORDERED

                                                 /s/Steven I. Locke
                                                STEVEN I. LOCKE
                                                United States Magistrate Judge